UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY W. O'CONNOR,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No.  C06-0554RSL

ORDER GRANTING MOTION
TO STAY THE CASE

     This matter comes before the Court on defendant's Motion to Stay This Case (Dkt. #7-1) until the resolution of a separate action in the United States District Court for the Northern District of California.  For the reasons discussed herein, the motion by the United States is GRANTED.

## I.  FACTS AND PROCEDURAL HISTORY

     Plaintiff filed a complaint in the Western District of Washington on April 20, 2006.  In the complaint, plaintiff contested a $330,060.01 tax penalty exacted by the United States under 26 U.S.C. § 6672 ("Section 6672").  Plaintiff's penalty arose from his employment as Vice President of Sable Technologies, Incorporated ("Sable Technologies"), a California-based company.  The statute assigns culpability if a person responsible for collecting, accounting for, and paying over to the United States taxes withheld from employees' wages fails to do so.  26

ORDER GRANTING MOTION TO STAY- 1

U.S.C. § 6672(a).  More than one person may share liability jointly and severally for the full amount of the unpaid taxes.  26 U.S.C. § 6672(d).  Plaintiff contends that his role as Vice President did not accord him the duties described in Section 6672.  Plaintiff followed the standard procedure to oppose the penalty by remitting $100 which allowed him to initiate the present action.  He seeks both a refund of the $100 and a determination that the United States erred in assessing a Section 6672 violation against him.

On July 25, 2006, the Court granted the United States' unopposed motion to extend time to respond to the complaint.  The United States asserted that it would use the time extension to coordinate a "cogent and accurate response" with the Internal Revenue Service to advance the litigation.  (Dkt. #5-1).  Subsequently, the United States initiated a suit against plaintiff and two other Sable Technologies employees, Katherine Kruss and John D. Bailey ("U.S. v. Kruss") in the United States District Court for the Northern District of California.  The three co-defendants in U.S. v. Kruss are alleged to have willfully failed to turn over withheld taxes during  the same fiscal periods.[1]  The United States now moves to stay the present action for the sake of judicial economy.

## II.  DISCUSSION

Plaintiff argues that lack of service of process on plaintiff in U.S. v. Kruss bars a stay in the present action.  However, the Ninth Circuit has rejected a similar contention.  "A federal action is commenced with the filing of the complaint, not by service of process.  It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity."  Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 96 (9th Cir. 1982) (citing Product Eng'g and Mfg., Inc. v. Barnes, 424 F.2d 42, 44 (10th Cir. 1970)).  The United States commenced the action in the Northern District of California by filing.  As a result, lack of service of process on plaintiff in

---

[1]All three co-defendants in U.S. v. Kruss were penalized under Section 6672 for the tax period ending March 31, 2001 for the sum of $62,149.99.  Both Katherine Kruss and plaintiff were penalized for the tax period ending June 30, 2001 for the sum of $267,910.02.  John D. Bailey was not penalized for the tax period ending June 30, 2001.  (Dkt. #7-2).

ORDER GRANTING MOTION TO STAY- 2

1  U.S. v. Kruss does not present a roadblock to considering the merits of the United States'
2  argument.

3      The United States urges this Court to stay the present action pending the resolution of
4  U.S. v. Kruss.  The comity doctrine vests a district court with discretion to decline jurisdiction
5  over a case in order to avoid parallel litigation in a coordinate court.  Kerotest Mfg. Co. v. C-O-
6  Two Fire Equip. Co., 342 U.S. 180, 184 (1952).  A court may employ the comity doctrine where
7  two claims have been filed in different courts over the same issue involving the same parties.
8  Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 749 (9th Cir. 1979).
9  The "first to file" rule gives deference to the court with the earlier filing date.  Pacesetter
10 Systems, 678 F.2d at 95.  However, the Supreme Court criticized this formulaic approach where
11 the logistical problems were equitable in nature and the second forum best promoted resolution.
12 Kerotest, 342 U.S. at 183.  "Wise judicial administration, giving regard to conservation of
13 judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical
14 solution of such problems."  Id.  The Ninth Circuit noted that it is "imperative to avoid
15 concurrent litigation in more than one forum whenever consistent with the rights of the parties."
16 Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979).  Thus, concerns of conserving judicial
17 resources may outweigh the "first to file" rule.

18     Strictly applied, the "first to file" rule favors plaintiff's position.  Plaintiff filed his
19 complaint prior to the United States initiating U.S. v. Kruss.  Furthermore, the United States
20 requested additional time to file an answer in order to craft a coordinated response with the
21 Internal Revenue Service.  The United States filed the parallel action with full knowledge of the
22 present action and as a reaction to plaintiff's suit.  However, a "first to file" analysis is too
23 simplistic in the present matter.  The California forum represents the only place in which the
24 government may pursue its claim against all three alleged tax evaders.  It argues that litigating
25 simultaneously in two forums wastes judicial resources.  Given the factual overlap between the
26 two cases, comity favors granting the motion to stay the present action.  The same factual and

27

28 ORDER GRANTING MOTION TO STAY- 3

1   legal question lies at the heart of both proceedings: "Is plaintiff a responsible person under

2   Section 6672?"  Without the stay, two courts will examine the same issue regarding plaintiff.

3   That situation would waste judicial resources and could lead to inconsistent results.

4        Plaintiff correctly asserts that his choice of forum deserves a degree of deference.  He

5   underscores the Supreme Court's observation that "a plaintiff's choice of forum should rarely be

6   disturbed."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).  However, Plaintiff's

7   reliance upon Piper Aircraft is misplaced.  That dispute revolved around transfer and dismissal

8   of an action based upon the doctrine of *forum non conveniens*.  Id. at 240.  Plaintiff is correct

9   that transfer can only occur if the new venue is a place where the claim could have been

10  brought.  28 U.S.C. § 1404(a).  Granting a transfer in this case would be inappropriate since

11  plaintiff resides in Washington and could not bring a claim against the government in the

12  Northern District of California.  28 U.S.C. § 1402(a)(1).  However, the United States seeks a

13  stay, not a transfer.  Staying the current litigation does not divest this court of jurisdiction.

14  Pending the outcome of the California case, plaintiff may move to reopen this case.

15  Accordingly, although plaintiff's choice of forum is entitled to deference, a stay would both

16  preserve his rights and avoid concurrent litigation.

17

18                          **III. CONCLUSION**

19        For all of the foregoing reasons, the Court GRANTS the United States' Motion to Stay

20  This Case.

21

22        DATED this 18th day of October, 2006.

23

24                                  *Mht S Lasnik*

25                                  Robert S. Lasnik
                                    United States District Judge

26

27

28  ORDER GRANTING MOTION TO STAY- 4